UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: §
§
VANDERWALKER, DAREN J. § Case No. 12-13873
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ _____ as interim compensation and now requests a sum of $ _____, for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____, and now requests reimbursement for expenses of $ _____, for total expenses of $ _____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: _____  By:/s/JOHN H. RING, III _____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

| Case No: | 12-13873 | CLB | Judge: CARL L. BUCKI | | Trustee Name: | JOHN H. RING, III |
| Case Name: | VANDERWALKER, DAREN J. | | | | Date Filed (f) or Converted (c): | 12/31/12 (f) |
| | | | | | 341(a) Meeting Date: | 02/08/13 |
| For Period Ending: | 02/21/14 | | | | Claims Bar Date: | 05/23/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2979 WALBRIDGE DR; HAMBURG NY 14075 95K / .6090 = | 77,996.50 | 5,000.00 | | 5,000.00 | FA |
| 2. CASH ON HAND | 10.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCT: FIRST NIAGARA | 100.00 | 0.00 | | 0.00 | FA |
| 4. SAVINGS: ERIE CO FCU | 10.00 | 0.00 | | 0.00 | FA |
| 5. BED, CELL PHONE, CHAIRS, COFFEE TABLE, COMPUTER, D | 4,000.00 | 0.00 | | 0.00 | FA |
| 6. CLOTHES | 300.00 | 0.00 | | 0.00 | FA |
| 7. TERM LIFE POLICY | 1.00 | 0.00 | | 0.00 | FA |
| 8. 2012 TAX REFUND | 2,000.00 | 0.00 | | 0.00 | FA |
| 9. 2011 JAYCO JAY FEATHER SPORT SERIES M-165 | 10,500.00 | 0.00 | | 0.00 | FA |
| 10. 2002 SEA RAY BOATS182 BOW RIDER PAID 8K IN MAY, 20 | 9,570.00 | 7,800.00 | | 7,800.00 | FA |
| TOTALS (Excluding Unknown Values) | $104,487.50 | $12,800.00 | | $12,800.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

REVIEW CLAIMS

Initial Projected Date of Final Report (TFR): 12/31/15     Current Projected Date of Final Report (TFR): 12/31/15

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 12-13873 -CLB | | Trustee Name: | JOHN H. RING, III |
|---|---|---|---|---|
| Case Name: | VANDERWALKER, DAREN J. | | Bank Name: | UNION BANK |
| | | | Account Number / CD #: | *******1280 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******7228 | | | |
| For Period Ending: | 02/21/14 | | Blanket Bond (per case limit): | $ 19,362,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/07/13 | 1 | AUGELLO & MATTELIANO, LLP | CATHERINE KEANE VANDERWALKER'S PURCHASE OF TRUSTEE'S INTEREST IN 2979 WALBRIDGE DRIVE, HAMBURG, NEW YORK | 1110-000 | 5,000.00 | | 5,000.00 |
| 06/25/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 4,985.00 |
| 07/25/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 4,970.00 |
| 07/31/13 | 10 | CASH REALTY & AUCTIONS, LLC 210 SAWYER AVE BUFFALO, NY 14150 | GROSS PROCEEDS FROM SALE OF 2002 SEA RAY BOAT | 1129-000 | 7,800.00 | | 12,770.00 |
| 08/07/13 | 010001 | CASH REALTY & AUCTIONS, LLC 210 SAWYER AVE BUFFALO, NY 14150 | PAYMENT OF AUCTIONEER FEES SALE OF BOAT - INVOICE NO. 13-049 - PER J. BUCKI'S ORDER OF AUGUST 5, 2013 | 3610-000 | | 780.00 | 11,990.00 |
| 08/07/13 | 010002 | CASH REALTY & AUCTIONS, LLC 210 SAWYER AVE. BUFFALO, NY 14150 | PAYMENT OF AUCTIONEER EXPENSES SALE OF BOAT - INVOICE NO. 13-049 - PER J. BUCKI'S ORDER OF AUGUST 5, 2013 | 3620-000 | | 210.00 | 11,780.00 |
| 08/26/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 11,765.00 |
| 09/10/13 | 010003 | JOHN H. RING, III, TRUSTEE 385 CLEVELAND DRIVE CHEEKTOWAGA, NY 14215 | BOND PAYMENT | 2300-000 | | 11.78 | 11,753.22 |
| 09/25/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 17.84 | 11,735.38 |
| 10/25/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 16.91 | 11,718.47 |
| 11/25/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 17.44 | 11,701.03 |
| 12/26/13 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 16.85 | 11,684.18 |
| 01/27/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 17.39 | 11,666.79 |

Page Subtotals   12,800.00   1,133.21

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 12-13873 -CLB | Trustee Name: | JOHN H. RING, III |
|---|---|---|---|
| Case Name: | VANDERWALKER, DAREN J. | Bank Name: | UNION BANK |
| | | Account Number / CD #: | *******1280 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******7228 | | |
| For Period Ending: | 02/21/14 | Blanket Bond (per case limit): | $ 19,362,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 12,800.00 | 1,133.21 | 11,666.79 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 12,800.00 | 1,133.21 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 12,800.00 | 1,133.21 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - *******1280 | 12,800.00 | 1,133.21 | 11,666.79 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 12,800.00 | 1,133.21 | 11,666.79 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     0.00

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: February 21, 2014

Case Number: 12-13873
Debtor Name: VANDERWALKER, DAREN J.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 3610-00 | CASH REALTY & AUCTIONS, LLC<br>210 SAWYER AVE<br>BUFFALO, NY 14150 | Administrative | | $780.00 | $780.00 | $0.00 |
| 001 3620-00 | CASH REALTY & AUCTIONS, LLC<br>210 SAWYER AVE.<br>BUFFALO, NY 14150 | Administrative | | $210.00 | $210.00 | $0.00 |
| 001 3110-00 | JOHN H. RING, III, ATTORNEY<br>385 CLEVELAND DRIVE<br>CHEEKTOWAGA, NY 14215 | Administrative | | $600.00 | $0.00 | $600.00 |
| 000001 070 7100-00 | RBS Citizens<br>443 Jefferson Blvd<br>RJW 135<br>Warwick RI 02886 | Unsecured | (1-1) Credit Card | $6,049.45 | $0.00 | $6,049.45 |
| 000002 070 7100-00 | American InfoSource LP as agent for<br>TD Bank, USA<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | Unsecured | | $358.27 | $0.00 | $358.27 |
| 000003 070 7100-00 | FIA CARD SERVICES, N.A.<br>4161 Piedmont Parkway<br>NC4 105 03 14<br>Greensboro, NC 27410 | Unsecured | | $9,060.96 | $0.00 | $9,060.96 |
| 000004 070 7100-00 | M & T Bank<br>PO Box 1508<br>Buffalo, NY 14240 | Unsecured | | $2,934.73 | $0.00 | $2,934.73 |
| 000005 070 7100-00 | Capital One, N.A.<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712 | Unsecured | | $1,295.08 | $0.00 | $1,295.08 |
| 000006 070 7100-00 | eCAST Settlement Corporation assignee of Chase<br>Bank USA NA<br>POB 29262<br>New York NY 10087-9262 | Unsecured | | $918.94 | $0.00 | $918.94 |
| 000007 070 7100-00 | eCAST Settlement Corporation assignee of Chase<br>Bank USA NA<br>POB 29262<br>New York NY 10087-9262 | Unsecured | | $7,070.75 | $0.00 | $7,070.75 |
| | Case Totals: | | | $29,278.18 | $990.00 | $28,288.18 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-13873
Case Name: VANDERWALKER, DAREN J.
Trustee Name: JOHN H. RING, III

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOHN H. RING, III | $ | $ | $ |
| Attorney for Trustee Fees: JOHN H. RING, III, ATTORNEY | $ | $ | $ |
| Auctioneer Fees: CASH REALTY & AUCTIONS, LLC | $ | $ | $ |
| Other: CASH REALTY & AUCTIONS, LLC | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | RBS Citizens<br>443 Jefferson Blvd<br>RJW 135<br>Warwick RI 02886 | $ | $ | $ |
| 000002 | American InfoSource LP as agent for<br>TD Bank, USA<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | $ | $ | $ |
| 000003 | FIA CARD SERVICES, N.A.<br>4161 Piedmont Parkway<br>NC4 105 03 14<br>Greensboro, NC 27410 | $ | $ | $ |
| 000004 | M & T Bank<br>PO Box 1508<br>Buffalo, NY 14240 | $ | $ | $ |
| 000005 | Capital One, N.A.<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | eCAST Settlement Corporation assignee of Chase Bank USA NA POB 29262 New York NY 10087-9262 | $ | $ | $ |
| 000007 | eCAST Settlement Corporation assignee of Chase Bank USA NA POB 29262 New York NY 10087-9262 | $ | $ | $ |

Total to be paid to timely general unsecured creditors  $_____

Remaining Balance  $_____

Tardily filed claims of general (unsecured) creditors totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE